IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID CALDERON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT & COMMITMENT<br><br><br><br>Case No. 1:10-CR-7 TS |

This matter is before the Court on Defendant's Motion to Amend Judgment & Commitment. Because the Court is without authority to amend the Amended Judgment as requested, Defendant's Motion must be denied.

I. BACKGROUND

On February 23, 2011, Defendant was sentenced to a term of 48 months in the custody of the Bureau of Prisons. Shortly thereafter, Defendant was sentenced in state court based on probation violations as a result of this matter. The state court ordered Defendant's state sentence to run concurrent with his federal sentence.

1

During the pendency of this case, Defendant was in primary state custody. Counsel represents that she believed Defendant was in primary federal custody and proceeded accordingly. Defendant anticipated that his federal and state sentences would run concurrently. However, because Defendant was in primary state custody, Defendant will not begin to serve his federal sentence until the State of Utah chooses to release him. Defendant now asks this Court to amend the Judgment in this case to order that his federal sentence run concurrent to his state sentence.

## II. DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3] "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

2

the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[4]

None of these three situations are present here. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion well after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[5] Further, none of the reasons set out in Rule 35(a) apply here. Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[6] The Court has reviewed the transcript of Defendant's sentencing hearing and notes that the Court did not order concurrent sentences at the time of sentencing. Therefore, there is no clerical order in the record. Rather, Defendant's Motion seeks a substantive modification. As Defendant seeks a

---

[4]*Id*. at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[5]*United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

[6]*Blackwell*, 81 F.3d at 948–49.

substantive modification of his sentence, rather than to correct a clerical-type error, Rule 36 is inapplicable.

### III.  CONCLUSION

Defendant has provided no basis that would allow the Court to amend the Judgment as Defendant seeks.  It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 42) is DENIED.

DATED   May 25, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge